UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rosie Abercrombie,

       Plaintiff,                             Case Action No.: 1:09cv198

     v.                                     Judge Michael R. Barrett

Commissioner of Social Security,

       Defendant.

## ORDER

Before the Court is Magistrate Judge Timothy S. Black's March 3, 2010, Report and Recommendation ("Report") (Doc. 18). Magistrate Judge Black found that the Commissioner of Social Security's ("Commissioner") decision that Plaintiff was not entitled to disability income benefits and supplemental security income was supported by substantial evidence. The Report recommends that the Commissioner's decision be affirmed. (Doc. 18, 21.)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1), including notice that the parties would waive further appeal if they failed to file objections to the Report in a timely manner. *United States v. Walters*, 638 F.2d 947, 950–51 (6th Cir. 1981).[1] Plaintiff filed Objections to the Report (Doc. 19), and Defendant filed a Response (Doc. 20).

For the reasons stated below, the Court overrules Plaintiff's Objections and the Report is ADOPTED. Accordingly, the Commissioner's decision is AFFIRMED.

---

[1] A notice was attached to the Report regarding objections. (Doc. 18, 22.)

1

**I.	Background**

The Report accurately details the facts and procedural history. (*See* Doc. 18, 1–4). They will not be repeated here. On appeal, Plaintiff maintains the same objections made to Magistrate Judge Black: (1) The Magistrate Judge erred in approving the Administrative Law Judge's ("ALJ") "failure to give proper deference or weight" to the opinions of Dr. David Herr, Plaintiff's treating orthopedic physician; (2) the Magistrate Judge erred in approving the ALJ's "selective evidence recitation"; and (3) the Magistrate Judge erred in approving the ALJ's "reliance on innuendo in terms of supposed medication compliance issues." (Doc. 19, 1; Doc. 18, 3–4.) The Report found Plaintiff's arguments to be unavailing.

**II.	Analysis**

**A.	Standard of Review**

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (internal quotations omitted) (*quoting Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

The substantial evidence standard presupposes that "there is a zone of choice within which the [ALJ] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (internal citations omitted) (*quoting Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky*, 35 F.3d at 1035 (*citing Mullen*, 800 F.2d at 545). However, even where there is substantial evidence, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (*quoting Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**B.     First Objection**

Plaintiff's first objection asserts that the ALJ failed to give proper weight to the opinions of Dr. Herr, Plaintiff's treating orthopedic physician. (Doc. 19, 1.)

"The ALJ is not bound by a treating physician's conclusory statement that the claimant is "disabled." *Miller v. Sec'y of Health and Human Servs.*, 843 F.2d 221, 224 (6th Cir. 1988) ("The determination of disability is the prerogative of the Secretary and a physician's opinion is not conclusive of the ultimate fact of disability.") However, the ALJ must give the opinion of a treating source controlling weight if the opinion is, "'well-supported by medically acceptable clinical and laboratory diagnostic techniques,'" and "'not inconsistent with the other substantial evidence in [the] case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (*quoting* 20 C.F.R. § 404.1527(d)(2)). On a claim for social security disability benefits, medical opinions and diagnoses of treating physicians must be given "substantial deference—and, if the opinion is uncontradicted, complete deference." *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984) (*citing Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983)). If the ALJ decides to discount the treating physician's medical opinion, the ALJ must provide, "specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (*citing* Soc. Sec. Rul. 96-2p).

Plaintiff argues that the ALJ did not give the opinion of Dr. Herr proper weight. (Doc. 19, 2.) Specifically, Plaintiff states that the only medical evidence of record contrary to Dr. Herr's opinion was a consultative examination by Dr. Aina in September

2002. (Doc. 19, 2.) This is inaccurate. In fact, Dr. Herr's own findings go against his eventual opinion that Plaintiff was disabled. In 2003, Dr. Herr noted that Plaintiff's condition would likely improve, that her nerve studies were normal, that she had normal range of motion in her spine, that her straight leg raise tests were negative, and that MRI studies only showed modest recess stenosis in her lower back and neck. (Doc. 18, 7.) After Dr. Herr performed successful fusion surgery in August 2003, he noted that Plaintiff reported, "essentially complete relief" with "no pain." (Doc. 18, 8.) In 2004, he again found only mild spinal stenosis in her lower back and noted "favorable" results from epidural injections. (Doc. 18, 8.) Later, in 2006, after several visits from Plaintiff, Dr. Herr made no treatment recommendations. In 2007, he noted normal ligaments and no effusions upon examination despite Plaintiff's complaints of knee pain. (Doc. 18, 13.) Throughout this time, Dr. Herr's opinion that Plaintiff was "unemployable in any capacity" and that she was "permanently disabled" did not match his own objective findings. (Doc. 18, 9.)

But beyond that, the record is replete with the findings of other doctors who treated Plaintiff. In 2005, Dr. Sorger found Plaintiff to be "neurovascularly intact" with no complaints of back pain. (Doc. 18, 9.) During the same period, Dr. Greiner found no "structural evidence" of lower back pain. (Doc. 18, 10.) Additionally, Dr. Aina found no abnormalities, tenderness, or muscle spasms in Plaintiff's cervical spine. (Doc. 18, 10.) In 2007, Dr. Swedberg noted that Plaintiff reported that her back pain was stable. An MRI showed only minor abnormalities, and based on that, Dr. Mavian recommended against surgery. (Doc. 18, 12.)

As the above evidence show, Plaintiff's assertion that the only evidence contradicting Dr. Herr's recommendation of disability was Dr. Aina's 2002 examination is incorrect. (*See also* Administrative Transcript ("Tr.") (Tr. 22) (ALJ's decision).) Furthermore, the Magistrate Judge found that "there are significant objective findings (including Dr. Herr's findings) that rebut" his recommendation of complete disability. (Doc. 18, 15.)

Plaintiff also argues that the Magistrate Judge sidestepped the issue of the ALJ giving Dr. Herr's opinion "no weight." (Doc. 19, 2.) For an ALJ to discount a treating physician's medical opinion, the ALJ must provide "specific reasons" that are "supported by the evidence" of record, and these reasons must be articulated clearly enough for subsequent reviewers to understand the reasons for the weight given. *Wilson*, 378 F.3d at 544 (*citing* Soc. Sec. Rul. 96-2p). Here, the ALJ has abided by this requirement. The ALJ gave "no weight" to Dr. Herr's opinion in his October 5, 2007, letter, which stated that Plaintiff was unable to engage in even sedentary employment. (Tr. 22.) The ALJ stated that Dr. Herr's assessment "is not supported by findings upon objective medical testing or findings on physical examination." (Tr. 22–23.) The ALJ went on to mention problems with Plaintiff's credibility and Dr. Herr's "conflicting and inconsistent statements." (Tr. 23.) As is required, the ALJ provided specific reasons supported by the evidence and clearly articulated the weight given to Dr. Herr's opinion and the reasons for that weight. For the above reasons and those in the Report, the Court does not find that the ALJ failed to give proper deference or weight to the opinions of Dr. Herr.

**C.     Second Objection**

Next, Plaintiff objects to the ALJ's "selective evidence recitation," calling it "cherry picking." (Doc. 19, 3.) In support of this argument, Plaintiff states that its "specific arguments . . . are set forth at length in her Statement of Errors . . . and will not be repeated here in the interest of brevity." (Doc. 19, 3.)

Magistrate Judge Black has discussed this objection at length (Doc. 18, 16–18.) His Report concludes that, "the ALJ has not erred in the instant case, because she has cited substantial evidence supporting her decision." (Doc. 18, 18.) Because the Court agrees with Plaintiff's interest in brevity, and because this objection largely covers ground discussed in the first objection, the Court adopts Magistrate Judge Black's discussion of this objection in its entirety. (Doc. 18, 16–18.) For the reasons given in the Report, the Court overrules Plaintiff's objection that the ALJ's selection of evidence was "cherry picking."

### D.  Third Objection

Plaintiff's third objection states that the ALJ relied on "innuendo" in examining medication compliance issues. Plaintiff argues that "the ALJ never expressed any concerns along these lines during the administrative hearing." (Doc. 19, 3.) This is not reflected in the transcript of the October 2007 administrative hearing. (Tr. 680–703.) The following exchange occurred during that hearing:

> Q: Do you take your medication as prescribed?
> A: Yes ma'am.
> Q: Have you always taken your medication as prescribed?
> A: Yes, ma'am.
> Q: Have you ever taken anyone else's medication?
> A: No, ma'am. I don't believe in that.
> Q: Have you ever been discharged from a doctor's practice because of medication irregularities?
> A: No ma'am.

7

(Tr. 685.) All these questions go to medication compliance issues, so for Plaintiff to claim that, "the ALJ 'sandbagged' Plaintiff by not raising this as an issue at Plaintiff's administrative hearing," is incorrect. (Doc. 19, 3.) The ALJ raised the medication compliance issue by asking the above questions.

Of her negative responses, the ALJ stated:

> The claimant was asked directly at the hearing whether she was ever discharged from a doctor's care because of irregularities with respect to the use of her prescription pain medications. She reported that she had not. She was also asked if she was always compliant in taking her prescription medications and she said that she was. However, the evidence clearly shows otherwise.

(Tr. 21.) This demonstrates that Plaintiff's further claim that she was not given an "opportunity to respond to the supposed inconsistencies or problems" is also incorrect. (Doc. 19, 3.) The ALJ's questions were her opportunity to respond. If Plaintiff had concerns about innuendo, she should have addressed them when she had the chance—when the ALJ questioned her at the hearing.

In an attempt to make up for her credibility problems, Plaintiff submitted an affidavit approximately one month after the October 2007 administrative hearing. (Tr. 544.)[2] But ignoring that the affidavit is largely incomprehensible and itself is barely

---

[2] Plaintiff's affidavit reads as follows:

> WHERE IN THE LETTER WHERE IT STATES THAT I WAS DISCHARGED FROM DR. HAJJAR OFFICE I HAD COMPLETELY FORGOT ABOUT THAT CAUSE I HADN'T BEEN THERE FOR SO LONG BUT IT WASN'T FROM SELLING ANY PILLS IT WAS FROM TAKING AN EXTRA ONE FROM WHERE I HAD FELL AND TRIED TOO GET INTO THE DR. BUT THEY COULDN'T GET ME IN CAUSE THEY WERE BOOKED AND I WAS 5 PILLS SHORT BECAUSE OF THAT. WITH DR. GLORIA WALKER I WAS NOT DISCHARGED FROM HER OFFICE THEY SAID THAT THE MEDS WEREN'T IN MY SYSTEM WHICH IT WAS CAUSE I WENT TO THE HOSPITAL TWO DAYS BEFORE THAT AND IT WAS IN MY SYSTEM AND WHEN SHE TOLD

credible on its face, this court may not "resolve conflicts in the evidence, or decide questions of credibility." *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 468 (6th Cir. 2006) (*citing Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). It is not this Court's role to determine Plaintiff's credibility. *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). The proper time for Plaintiff to address questions about medication compliance was when the ALJ questioned her. Having answered the ALJ's questions at that time, she cannot later claim she was never given a chance to explain. There is substantial evidence in the record questioning Plaintiff's credibility on the issue of medication compliance. The ALJ's decision is clear on this lack of credibility (Tr. 20–21), and the Magistrate Judge's Report agrees (Doc. 18, 19–20). Therefore, the decision of the ALJ

---

> ME THAT I WENT STRAIGHT TOO THE HOSPITAL THE SAME DAY AND HAD ANOTHER DRUG TEST DONE AND IT SHOW UP IN MY SYSTEM. FOR DR. SWEDBREG HE HAD NEVER PRESCRIBED ME OXCONTIN BECAUSE I TOLD HIM I DIDN'T WANT THEM OR MORPHINE FOR THE WAY IT WAS DOING ME. BECAUSE I DIDN'T REMEMBER ANYTHING COULDN'T REMEMBER IF I HAD TOOK MY MEDS. AND STAY IN BED ALL THE TIME I COULDN'T LIVE MY LIFE LIKE THAT I DIDN'T WANT THEM ANYWAY. AND FOR THE JAIL TERM THEY SAID I WAS IN THERE FOR SEVERAL DAYS THIS IS NOT TRUE I WAS IN THERE FOR 5 HOURS AND A HALF AND THAT WAS THE FIRST TIME OF EVERY HAVING A CHARGE ON ME. AND THAT WOULDN'T HAVE HAPPEN BUT I HAD A DOCTOR APPOINTMENT AT THE SAME TIME THAT THEY DID AND THAT IS WHY THEY GOT ME FOR BREAKING AN ORDER THAT WAS PUT ON ME. SO WHOEVER IS SAYING THIS STUFF IN THE LADY WHO PUT THE ORDER ON ME CAUSE SHE ALSO CALLED MY DR AND TOLD THEM I WAS IN JAIL FOR SELLING DRUGS WHICH I WASN'T AND THERE IS A DR NAME IN THERE THAT I DON'T EVEN KNOW WHO HE IS AS I HAVE NEVER BEEN TOO HIM AT ALL THE DOCTOR NAME IS DR. ZELZOTO. ALSO THE REASON I COULDN'T MAKE MY APPOINTMENTS AT THE HOSPITAL FOR MY TREATMENT WAS CAUSE MY CAR BROKE DOWM THE FUEL PUMP WENT OUT OF IT THE DAY I WENT TOO ONE OF MY APPOINTMENTS AND THEN THE TRANSMISSION WENT OUT AND I DIDN'T HAVE A WAY UP THERE FOR THE APPOINTMENTS NOT BECAUSE OF NOT GOING BECAUSE I HAD NO WAY TOO GO TO THE APPOINTMENTS.

(Tr. 544.)

must be affirmed.  For these reasons, and those in the Report, the Court does not find that the ALJ relied on "innuendo" in examining medication compliance issues.

### III.     Conclusion

Based on the foregoing, the Court finds that the decision of the Commissioner is supported by substantial evidence.  The Report (Doc. 18) is hereby ADOPTED.  The Commissioner's decision is AFFIRMED, and this matter is hereby CLOSED.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge